UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRADLEY GOSSEN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>TURF HOLDINGS, INC. D/B/A WEED MAN USA, MIDWEST LAWN CARE, LLC and TURF CARE MADISON LLC<br><br>   Defendants. | Case No: 19-cv-1013 |

## BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

Plaintiff Bradley Gossen ("Plaintiff") served discovery on newly named Defendant Turf Care Madison LLC ("TCM") before TCM had even been served with the summons and complaint. Declaration of Elijah Van Camp ("Van Camp Decl.") ¶ 5. Plaintiff nevertheless demands that TCM respond in full to those discovery requests by September 21, 2020, 28 days before TCM's response to Plaintiff's Amended Complaint is due. *See id*., Ex. A; Dkt. 20. Plaintiff served discovery requests on newly named Defendant Midwest Lawn Care, LLC ("MLC") (MLC and TCM are collectively referred to as "Defendants") just three days after service of the summons and complaint were accomplished. Van Camp Decl., Ex. B; Dkt. 23. Plaintiff is demanding that MLC respond in full to those discovery requests by September 28, 2020, 26 days before MLC's response to Plaintiff's Amended Complaint. *See id*.

Upon receipt of Plaintiff's discovery requests, Defendants' counsel immediately informed Plaintiff's counsel that the requests were premature and improper, and made attempts to resolve the issue without Court involvement. Van Camp Decl., Exs. A, B.

Defendants' counsel repeatedly asked for a meet and confer phone call to discuss a reasonable and mutually agreeable date for discovery production, but Plaintiff's counsel would not agree to talk about the dispute. *Id*. Via email, Defendants' counsel repeatedly asked for legal authority allowing a plaintiff to serve discovery on newly added parties two months before their responses to a complaint are due, and in one case, before the service of the summons and complaint has even been accomplished. *Id*., Ex. A. Plaintiff's counsel refused to provide any legal authority, instead insisting that this Court had authorized discovery against newly added parties to immediately proceed, stating that "Judge Crocker's recent Order makes clear that his expectation is that discovery as to the new defendants will move forward . . ." *Id*. Defense counsel has been unable to find such a statement by Magistrate Judge Crocker. To the contrary, the Court's Preliminary Pretrial Conference Order states that "[a]bsent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37." Dkt. 14, p. 3.

Defendants are not attempting to delay progression of this case, but they need a reasonable opportunity to review and analyze the serious allegations made in Plaintiff's Amended Complaint and to prepare responses to those allegations. Plaintiff's attempt to force newly added Defendants to answer substantial and detailed discovery requests nearly a month before their responses to the Amended Complaint are due is unreasonable. Defendants are simply requesting that the Court permit them a reasonable time after their responses to Plaintiff's Amended Complaint are due to answer Plaintiff's discovery requests.

**LEGAL STANDARD**

A party may seek a protective order to specify the terms, including the time, for discovery. Fed. R. Civ. P. 26(c)(1)(b). A "court has the authority to 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including ordering that 'discovery may not be had.'" *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1301 (7th Cir. 1992) (quoting Fed. R. Civ. P. 26(c)).

Under Rule 26, "[d]istrict courts have broad discretion in matters relating to discovery." *Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 371 (7th Cir. 1989); *see also* De Bauche v. Harley-Davidson Motor Co. Operations, 88 F. App'x 122, 124 (7th Cir. 2004) ("A district court has broad discretion in ruling on discovery motions."); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1052 (7th Cir. 1998) "District judges enjoy broad discretion in settling discovery disputes . . . in a given case."). In ruling on a Motion for a Protective Order, "the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

In addition, Fed. R. Civ. P. 26(d)(1), regarding "Timing and Sequence of Discovery," "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Beyond those limited exceptions, early document requests are only permitted "[m]ore than 21 days after the summons and complaint are served on a party," and in that case, the requests are not considered served until the first Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2).

**ARGUMENT**

Defendants are asking for a reasonable time period in which to prepare responses to Plaintiff's First Amended Complaint and to respond to Plaintiff's discovery requests. Plaintiff had ample time to prepare its Complaint and Amended Complaint, and apparently waited quite some time before issuing discovery requests to the existing Defendant, Turf Holdings, Inc ("THI"). Likewise, it appears the case had proceeded for several months before Plaintiff had to respond to discovery requests from THI.

Plaintiff has not explained to Defendants why they are being treated differently than the parties who have been in this case since the beginning, and has not explained why his discovery requests are so urgent that he could not even wait to accomplish service on TCM before demanding discovery. It is not clear why Plaintiff waited so long to file an Amended Complaint, but whatever the reason, it was not Defendants' fault. Defendants should not be punished for any delay caused by Plaintiff in this litigation.

Despite the plain language of Rule 26(d)(1), Defendants are not requesting a formal Rule 26(f) conference before moving forward with discovery. Defendants' counsel simply asked to have a phone call with Plaintiff's attorney to reach an agreement as to a reasonable discovery response time. Plaintiff's refusal to even talk about the issue was unreasonable and forced Defendants to file this motion.

**CONCLUSION**

Defendants respectfully request entry of a Protective Order allowing them a reasonable time to respond to Plaintiff's discovery requests after they have responded to Plaintiff's Amended Complaint.

Dated this 18th day of September, 2020.

        **DEWITT LLP**

        By: /s/ *Elijah B. Van Camp*
        Harry E. Van Camp (#1018568)
        Elijah B. Van Camp (#1100259)
        Two East Mifflin Street, Suite 600
        Madison, WI 53703-2865
        608-255-8891
        hvc@dewittllp.com
        evc@dewittllp.com

        **ATTORNEYS FOR DEFENDANTS MIDWEST LAWN CARE, LLC AND TURF CARE MADISON LLC**