UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRAD GOSSEN, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>TURF HOLDINGS, INC. D/B/A WEED MAN USA, ET. AL.<br><br>　　　　　Defendants. | Case No. 3:19-cv-1013 |

**PLAINTIFF BRAD GOSSEN'S BRIEF IN SUPPORT OF**
**MOTION TO EXTEND CLASS CERTIFICATION DEADLINES**

In ruling on defendants' Motion for a Protective Order to extend their own discovery response deadlines, the Court's November 11, 2020 Order (the "Discovery Order") made clear defendants Turf Care Madison LLC ("TCM") and Midwest Lawn Care LLC ("MLC") should have produced responses to the discovery by then or, if not, then in short order. (Dkt. 38.) These discovery requests, propounded more than six (6) months ago, sought information critical to plaintiff's eventual motion for class certification due on January 15, 2021.

However rather than heeding the Discovery Order, TCM and MLC disregarded it, stringing out their discovery responses over the next *seven weeks*—until New Year's Day, January 1, 2021 and even then, producing some, but not all responsive information. As of the filing of this Motion, TCM and MLC have not confirmed their

productions are complete, and after close of business Friday January 8, 2021 TCM produced another 2300 pages. Having finally received some ESI only as of New Year's Day and another batch a week before the class certification deadline, plaintiff lacks ample time to review and process the same, to take depositions related to class certification and to prepare an adequate class certification motion.

This delay could have been avoided. The Court has made clear the preliminary pretrial order deadlines in this case are firm. (*See* Dkt. 22). Yet TCM's and MLC's early runaround regarding discovery deadlines and then continual delays since November 11, 2020 were self-serving as they prejudiced plaintiff's ability to timely move for class certification. Plaintiff respectfully requests relief from the class certification motion deadline and an extension commensurate with defendants' four months of discovery delays. Plaintiff additionally requests that the Court order expert disclosures be made April 15, 2021 to keep the case moving.

## Material Facts

On December 12, 2019 plaintiff Brad Gossen filed this case against Turf Holdings Inc. ("Turf Holdings"), owner for the "Weed Man" law care services franchise, for violations of the TCPA. On April 7, 2020, the Court entered a Preliminary Pretrial Conference Order (the "Pretrial Order") (Dkt. 14). The Pretrial Order set the case schedule, including a stay of discovery until June 15, 2020, a deadline to amend of August 14, 2020 and a deadline of January 15, 2021 to file motions for class certification with responses due February 16, 2021 and replies due March 12, 2021. *Id*. The Pretrial Order left expert disclosures deadlines up to the parties' agreement. *Id.*

On August 14, 2020 plaintiff timely filed his Amended Complaint adding claims against franchisee TCM and affiliate MLC. (Dkt. 18). On August 20, 2020, TCM waived service of the Summons, and plaintiff served discovery on TCM. (Dkt. 20; 30-1 at p. 8). But counsel for TCM responded that serving discovery on his client was improper under Rule 26(d)(1) and that TCM would disregard the discovery requests. *Id.* at p. 7. Plaintiff's counsel responded with a copy of the Pretrial Order and reiterated that under Rule 26, discovery was appropriately served. *Id.* at p. 6.

On August 24, 2020, MLC, now jointly represented by counsel for TCM, waived service of the Summons. (Dkt. 23). On the same day, TCM filed a consent motion seeking an extension of time to answer to October 19, 2020, to be consistent with MLC's answer deadline. (Dkt. 21). By text order, the Court granted the Motion with the caveat that case deadlines in the Pretrial Order would remain:

> **Docket Text:**
> **\*\* TEXT ONLY ORDER \*\***
> **The Consent motion for defendant Turf Care Madison to answer the first amended complaint is granted with this understanding: there will be no ripple effect in the calendar. The dates and deadlines set at the preliminary pretrial conference, including the January 15, 2021 deadline for class motions all remain in place. All parties should plain accordingly. Signed by Magistrate Judge Stephen L. Crocker on 8/24/2020. (voc)**

(Dkt. 22).

On August 25, 2020, counsel for TCM and MLC responded to Plaintiff's August 20, 2020 email, reiterating that discovery was improper and that his clients would ignore discovery requests. (Dkt. 30-1 at 4). The parties conferred back and forth on this issue, and on August 27, 2020, Plaintiff's counsel offered a short extension, until

3

**September 27, 2020** for TCM to produce discovery. *Id*. at 2. Later that day on August 27, 2020, Plaintiff's counsel served the discovery requests on MLC. (Dkt. 30-2 at 1-2).

On September 18, 2020, TCM and MLC filed a Motion for Protective Order seeking an extension of their discovery response deadline until sometime after October 19, 2020 (*See* Dkt. 28). On September 25, 2020 plaintiff filed an opposition to the Motion, in part because the Court's prior order made clear the Court was not inclined to grant extensions to other court deadlines, including the January 15, 2021 deadline to file motions for class certification. (See Dkt. 22).

Another seven (7) weeks elapsed, and still TCM and MLC did not respond to plaintiff's discovery requests. (Paronich Decl. ¶ 2). By order dated November 13, 2020, the Court said it had granted defendants' Motion for Protective Order de facto by not ruling earlier but said "if MLC and TCM haven't already provided the contested discovery, now's the time." (Dkt. 38). The Court's order reiterated that the Court saw no need to extend other case deadlines:

> **Docket Text:**
> **\*\* TEXT ONLY ORDER \*\***
> **On September 18, 2020, defendants MLC and TCM filed a motion to protect them from having to respond to plaintiff's discovery requests prior to the date their answer or other response was due to plaintiff's amended complaint. (dkt. [29]). On September 25, 2020, plaintiff responded in opposition, claiming the right to serve discovery on new defendants the day that he served them with the complaint. (dkt. [31]). It is now November 13, 2020, so this dispute probably has probably fallen by the boards. If the parties still are waiting for a ruling, the motion has been granted de facto by the court's delay in addressing it. If MLC and TCM haven't already provided the contested discovery, now's the time. At this juncture, the court sees no need to extend any other deadlines in the schedule. Signed by Magistrate Judge Stephen L. Crocker on 11/13/2020. (jls)**

*Id*.

About ten (10) day later, on November 20, 2020, TCM and MLC served written responses to the pending discovery requests but produced no documents or electronically stored information ("ESI"). (Paronich Decl. ¶ 3). Counsel for TCM and MLC subsequently conferred with plaintiff's counsel regarding search terms for their ESI production. *Id.* at ¶ 4. On December 1, 2020 TCM and MLC produced approximately 1280 pages between them but no ESI. *Id.* at ¶ 5.

On December 7, 2020 counsel for TCM and MLC produced "hit results" for previously agreed-upon ESI search terms. (Paronich Decl. ¶ 6). On December 8, 2020, plaintiff's counsel requested that TCM and MLC complete their ESI production no later than December 25, 2020. *Id.* at ¶ 7.

Two (2) weeks later, TCM and MLC had not produced ESI, so on December 22, 2020, plaintiff's counsel requested an update, as plaintiff was preparing to send deposition notices for TCM and MLC witnesses. (Paronich Decl. at ¶ 8). Hearing nothing, on the same day plaintiff's counsel issued seven (7) notices of deposition. *Id.*

On December 28, 2020 plaintiff again requested that TCM and MLC complete their ESI production and confirm witness availability for depositions. (Paronich Decl at ¶ 9). Because plaintiff still had not produced the critical ESI, plaintiff requested a 120-day extension of the class certification deadlines to review discovery and take necessary depositions. *Id.* On December 31, 2020, counsel for TCM and MLC informed plaintiff his clients opposed extending the class certification deadlines. *Id.* at ¶ 10.

Finally, on New Year's Day, January 1, 2021, TCM and MLC produced ESI. (Paronich Decl. at ¶ 11). However, despite repeated requests that TCM and MLC confirm their ESI production is complete, they have not so confirmed. *Id*.

On January 6, 2021, counsel for all parties met regarding plaintiff's request to extend class certification deadlines. (Paronich Decl. ¶ 12). Defendants again declined to stipulate to any extension and stated they would oppose this motion. *Id.* On Friday January 8, 2021, after business hours, TCM informed plaintiff it was producing additional documents and a link to 2000 more pages of ESI. *Id*. at 13, Exh. A.

## Argument

The Court should grant plaintiff's Motion and extend the class certification deadline. Plaintiff respectfully requests a 120-day extension of class certification deadlines commensurate with defendants' discovery delays. Plaintiff also requests an expert disclosure deadline as follows:

| Deadline | Current | Proposed |
| --- | --- | --- |
| Motion for Class Certification | January 15, 2021 | April 16 2021 |
| Expert Disclosures | No date | April 15, 2021 |
| Responses to Motion | February 16, 2021 | May 14, 2021 |
| Replies in Support of Motion | March 12, 2021 | June 11, 2021 |

Under Fed. Rule Civ. P. 6(b), the court may, for good cause, extend the time if a request is made before the original time expires. Whether to grant an extension of time

6

is within the Court's discretion. *See Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010).

There is good cause to extend the class certification deadlines, here. After plaintiff amended his Complaint to add TCM and MLC as defendants in mid-August 2020, plaintiff immediately and diligently pursued written discovery from these defendants. Had TCM and MLC produced discovery responses on or near September 25, 2020 (their initial extended deadline) plaintiff would have had four (4) months to review documents, conduct depositions and prepare its class certification motion. TCM and MLC's perpetual discovery delay reduced plaintiff's response time from months, to weeks and now to days.

## Conclusion

Defendants' dilatory discovery conduct should not be rewarded. Plaintiff respectfully requests additional time to review the tardy ESI production of both TCM and MLC, conduct depositions and prepare his class certification motion. Plaintiff additionally requests an expert disclosure deadline rather than leaving this deadline to the parties' discretion.

Dated 9th day of January 2021.

                                    **TURKE & STRAUSS LLP**

                                    *s/ Mary C. Turke*
                                    Mary C. Turke SBN 1027045
                                    Samuel J. Strauss SBN 1113942
                                    613 Williamson Street #201
                                    Madison, WI 53703
                                    Telephone: (608) 237-1775
                                    mary@turkestrauss.com
                                    sam@turkestrauss.com

                                   **PARONICH LAW, P.C.**

                                    Anthony Paronich
                                    350 Lincoln Street, Suite 2400
                                    Hingham, MA 02043
                                    Telephone:  (617) 485-0018
                                    Email:  anthony@paronichlaw.com

*Attorneys for Plaintiff*

**Certificate of Service**

This is to certify that a true and correct copy of the foregoing was filed through ECF on January 9, 2021, which will send a copy to all counsel of record.

*s/ Mary C. Turke*

Mary C. Turke

*Attorney for Plaintiff*